UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WALKER,

    Plaintiff,

v.

MENARDS, INC., and
JEREMY STOKES,

    Defendants.

Case No. 18-10298
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER ADOPTING REPORT AND RECOMMENDATION [31], GRANTING DEFENDANT'S MOTION TO DISMISS [23] DENYING DEFENDANT'S MOTION FOR SANCTIONS [22], AND COMPELLING ARBITRATION**

Before the Court is Magistrate Judge David R. Grand's December 6, 2018, Report and Recommendation. (ECF No. 20.) At the conclusion, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 31, PageID.143–144.) After that time period expired, Walker sought leave for more time to respond, (ECF No. 33), and the Court obliged, giving Walker until February 25, 2019 to respond to the Report. It is now February 26, 2019. As such, the extended time to file objections has expired. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*,

474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that Defendant's motion to dismiss (ECF No. 23) is GRANTED, Defendant's motion for sanctions (ECF No. 22) is DENIED AS MOOT, and the Court compels the parties to attend arbitration.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 28, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson